# EXHIBIT "A"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Maura Walsh Ochoa (SBN 193799); Waylon J. Pickett (SBN 248865) Grotefeld Hoffmann 655 Montgomery Street, Suite 1220, San Francisco, CA 94111 | FILED SUPERIOR COURT, METRODO. BANDRISION COUNTY OF KERN |

TELEPHONE NO: 415-344-9670          FAX NO: 415-989-2802
ATTORNEY FOR *(Name):* Plaintiffs State Farm

JAN 29 2015

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1415 Truxtun Ave, 1st Floor
MAILING ADDRESS: 1415 Truxtun Ave, 1st Floor
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

TERRY McNALLY, CLERK
BY _____ DEPUTY

CASE NAME: State Farm General Insurance Company, et al. v. ABC Fulfillment Services, LLC f/k/a Hobby King USA LLC; Advance Energy, Inc.; et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: S-1500-CV- 284017   DRL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 26, 2015

Maura Walsh Ochoa
*(TYPE OR PRINT NAME)*                                     *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
www.accesslaw.com

1   Maura Walsh Ochoa (SBN 193799)
2   Waylon J. Pickett (SBN 248865)
    GROTEFELD HOFFMANN
3   655 Montgomery Street, Suite 1220
    San Francisco, California 94111
4   Telephone: 415.344.9670
    Facsimile: 415.989.2802
5
    Attorneys for Plaintiffs
6   STATE FARM GENERAL INSURANCE COMPANY
    and STATE FARM MUTUAL AUTOMOBILE
7   INSURANCE COMPANY

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JAN 29 2015

TERRY McNALLY, CLERK
BY_____ DEPUTY
ENDORSED

CASE MANAGEMENT CONFERENCE:
Hearing Date: _X/7/15_
Time: _8:30 am_
Department: _11_
See CRC Rule 3.720 ET. Seq.

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     FOR THE COUNTY OF KERN

11

12   STATE FARM GENERAL INSURANCE          )   Case No.: S-1500-CV- 2 8 4 0 1 7  DRL
     COMPANY; STATE FARM MUTUAL            )
13   AUTOMOBILE INSURANCE COMPANY,         )
                                           )
14              Plaintiffs,                )
                                           )
15   v.                                    )   COMPLAINT FOR PROPERTY
                                           )   DAMAGE
16   ABC FULFILLMENT SERVICES, LLC f/k/a   )
     HOBBY KING USA LLC; ADVANCE          )
17   ENERGY, INC. d/b/a THUNDER POWER      )
     RC; and DOES 1 through 25, inclusive, )
18                                         )
                Defendants.                )
19

20          NOW COME Plaintiffs STATE FARM GENERAL INSURANCE COMPANY

21   ("STATE FARM") and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

22   ("STATE FARM AUTO") by and through their attorneys GROTEFELD HOFFMANN and for

23   their Complaint against Defendants ABC FULFILLMENT SERVICES, LLC f/k/a HOBBY

24   KING USA LLC, ADVANCE ENERGY, INC. d/b/a THUNDER POWER RC, and DOES 1

25   through 25, inclusive, and allege that at all pertinent times herein upon information and belief as

26   follows:

27   //

28   //

                                    1

## THE PARTIES

1. Plaintiffs STATE FARM and STATE FARM AUTO (collectively "Plaintiffs") were and are insurance carriers licensed to conduct business in the State of California.

2. At all relevant times herein, STATE FARM provided policies of insurance to its insureds, Mr. and Mrs. Clark and Cathy Allemand (the "ALLEMANDS"), for their property located at 8912 Gleeson Court in Bakersfield, California.

3. At all relevant times herein, STATE FARM AUTO provided policies of insurance to its insureds, the ALLEMANDS, for their 2007 Lexus ES 350 sedan and 2008 Chevrolet Silverado C1500 pickup truck.

4. Defendant ABC FULFILLMENT SERVICES, LLC f/k/a HOBBY KING USA LLC ("ABC FULFILLMENT"), at all pertinent times herein, was and is a distributor of hobby goods and accessories doing business in the State of California.

5. Defendant ADVANCE ENERGY, INC. d/b/a THUNDER POWER RC ("THUNDER POWER"), at all pertinent times herein, was and is a manufacturer, marketer, distributor, and/or seller of lithium polymer battery chargers doing business in the State of California.

6. Defendants DOES One (1) through Twenty-Five (25), inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as DOE is legally responsible in some manner for the events and happenings referred to herein. Plaintiffs will ask leave to amend this Complaint for Property Damage when the true names and capacities of Defendants sued as DOES One (1) through Twenty-Five (25) are ascertained.

7. Plaintiffs are informed and believe that, at all pertinent times, Defendants were the agents and employees of their co-Defendants and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment.

## GENERAL ALLEGATIONS

8. At all relevant times, the ALLEMANDS owned real and personal property

2

Complaint for Property Damage

located at 8912 Gleeson Court in Bakersfield, California 93311 ("SUBJECT PROPERTY").

9.      At all relevant times, the ALLEMANDS owned a 2008 Chevrolet Silverado C1500 pickup truck identifiable by VIN number 1GCEC19J18Z184953.

10.     At all relevant times, the ALLEMANDS owned a 2007 Lexus ES 350 sedan identifiable by VIN number JTHBJ46G872081439.

11.     On or about January 1, 2012, Mr. Allemand purchased a Turnigy brand, 5 cell, 4000mAh lithium polymer battery (the "BATTERY") from ABC FULFILLMENT via its website at www.hobbyking.com.

12.     Upon information and belief, ABC FULFILLMENT is an international developer, distributor and marketer of hobby goods and accessories, with a global warehouse distribution network.

13.     Upon information and belief, products sold to U.S. consumers via the www.hobbyking.com website are distributed and shipped from ABC FULFILLMENT's warehouse located in Lakewood, Washington.

14.     ABC FULFILLMENT subsequently distributed the BATTERY sold on www.hobbyking.com to Mr. Allemand by shipping the BATTERY to his residence in Bakersfield, California.

15.     On or about September 14, 2012 a fire ignited in the northeast corner of the ALLEMANDS' garage at the SUBJECT PROPERTY (the "FIRE").

16.     On or about September 14, 2012, Mr. Allemand was charging the BATTERY with a Thunder Power RC brand lithium polymer battery charger with the model number TP820CD ("the CHARGER") in the SUBJECT PROPERTY's garage when he observed heavy smoke and fire in the area where the BATTERY was being charged with the CHARGER.

17.     Prior to September 14, 2012, Mr. Allemand purchased the CHARGER from THUNDER POWER via its website at www.thunderpowerrc.com. THUNDER POWER subsequently shipped the CHARGER to Mr. Allemand in Bakersfield, CA.

18.     The FIRE occurred when defects within the BATTERY and the CHARGER allowed the BATTERY to overcharge, which caused the BATTERY to overheat and resulted in

3

Complaint for Property Damage

1    the FIRE.

2        19.    The FIRE burned the ALLEMANDS' entire garage and parts of the SUBJECT

3    PROPERTY's roof and kitchen, causing severe smoke and fire damage to the SUBJECT

4    PROPERTY and contents therein, and destroying the ALLEMANDS' two vehicles.

5        20.    The FIRE resulted in expenses related to repair of the structure, replacement and

6    cleaning of the contents in the dwelling and related additional living expenses incurred by the

7    ALLEMANDS, as well as the replacement cost for the ALLEMANDS' two vehicles.

8        21.    Pursuant to their policies of insurance with STATE FARM and STATE FARM

9    AUTO, the ALLEMANDS made claims seeking indemnification and reimbursement for

10   damages resulting from the FIRE. Accordingly, STATE FARM and STATE FARM AUTO

11   were required to and did pay their insureds the amount of $285,823.32 for fire-related damage.

12       22.    In consideration of STATE FARM's and STATE FARM AUTO's payments, the

13   ALLEMANDS subrogated to them all rights, claims and interests that they may have against any

14   person or entity that may be liable for causing the reimbursed damages that resulted from the

15   FIRE.

16                              FIRST CAUSE OF ACTION

17   (Negligence against Defendants ABC FULFILLMENT SERVICES, LLC f/k/a HOBBY

18       KING USA LLC, ADVANCE ENERGY, INC. d/b/a THUNDER POWER RC,

19                       and DOES 1 through 25, and Each of Them)

20       23.    Plaintiff incorporates by reference the allegations of paragraphs One (1) through

21   Twenty-Two (22) of this Complaint as though fully set forth herein.

22       24.    At all relevant times, Defendants ABC FULFILLMENT, THUNDER POWER,

23   DOES 1 through 25, and each of them, were under a duty to exercise reasonable care to avoid

24   exposing the ALLEMANDS and their property to a foreseeable risk of harm.

25       25.    Defendants ABC FULFILLMENT, THUNDER POWER, and DOES 1 through

26   25, and each of them, knew or should have known that failure to properly design, manufacture,

27   test, and/or inspect the BATTERY, the CHARGER, and/or their component parts, would

28   increase the risk of fire related damages from the use of the BATTERY and/or the CHARGER.

                                          4

                              Complaint for Property Damage

26.    Further, Defendants ABC FULFILLMENT, THUNDER POWER, and DOES 1 through 25, and each of them, knew or should have known that failure to properly warn consumers of the risk of damage associated with the use of the BATTERY, the CHARGER, and/or their component parts, would increase the risk of harm from the use of the BATTERY, and/or the CHARGER.

27.    At all relevant times, Defendants ABC FULFILLMENT, THUNDER POWER, and DOES 1 through 25, and each of them, breached their respective duties by one or more of the following acts or omissions:

a.    Failing to properly design the BATTERY and/or the CHARGER;

b.    Failing to properly manufacture the BATTERY and/or the CHARGER;

c.    Failing to properly inspect the BATTERY and/or the CHARGER;

d.    Failing to properly test the BATTERY and/or the CHARGER;

e.    Failing to warn of the known risks associated with the use of the BATTERY and/or the CHARGER;

f.    Were otherwise careless and negligent in the design, manufacture, inspection, and testing of the BATTERY, the CHARGER and/or their component parts.

28.    The negligence of ABC FULFILLMENT, THUNDER POWER, and DOES 1 through 25, and each of them, was a substantial factor in damaging the ALLEMANDS' property when the BATTERY ignited a fire at the SUBJECT PROPERTY.

29.    As a direct and proximate result of Defendants' negligence, Plaintiffs STATE FARM and STATE FARM AUTO suffered damages, including costs of repair, construction, content replacement, associated living expenses, and property damage in the amount of Two-hundred Eighty-Five Thousand Eight Hundred Twenty-Three dollars and 32/100 ($285,823.32), together with costs, interest, expenses and reasonable attorneys' fees allowed by law.

## SECOND CAUSE OF ACTION

(Strict Products Liability against Defendants ABC FULFILLMENT, LLC f/k/a HOBBY KING USA LLC, ADVANCE ENERGY, INC. d/b/a THUNDER POWER RC,

5

1            and DOES 1 through 25, and Each of Them)

2        30.    Plaintiff incorporates by reference the allegations of Paragraphs One (1) through

3    Twenty-Nine (29) of this Complaint as though fully set forth herein.

4        31.    At all relevant times, Defendants ABC FULFILLMENT, THUNDER POWER,

5    DOES 1 through 25, and each of them, were in the business of designing, manufacturing,

6    assembling, testing, advertising, marketing, distributing, and/or selling a variety of remote

7    control products, batteries, chargers, and/or accessories, including the BATTERY and the

8    CHARGER used by the ALLEMANDS at the SUBJECT PROPERTY.

9        32.    At all relevant times, the BATTERY, the CHARGER, and/or their component

10   parts, were expected to reach the general public and consumers in the condition in which they

11   were manufactured, designed, assembled, tested, distributed, marketed, merchandised,

12   advertised, and/or sold.

13       33.    Defendants ABC FULFILLMENT, THUNDER POWER, DOES 1 through 25,

14   and each of them, knew or had reason to know that the purchaser and user of the BATTERY

15   and/or the CHARGER would rely on the skill and judgment of Defendants ABC

16   FULFILLMENT, THUNDER POWER, DOES 1 through 25, and each of them, in their sale,

17   manufacture, and distribution of lithium polymer batteries and chargers, and that such batteries

18   and chargers would be used by consumers and Plaintiffs' insureds without inspection for defects.

19       34.    Defendants ABC FULFILLMENT, THUNDER POWER, DOES 1 through 25,

20   and each of them, each had a duty not to sell or supply products, including the BATTERY and

21   the CHARGER, in a defective condition that was unreasonably dangerous to foreseeable users

22   when used in a reasonably expected manner.

23       35.    The BATTERY, the CHARGER, and/or their component parts, were distributed

24   and sold to the ALLEMANDS in or about 2012, when Mr. Allemand purchased the BATTERY

25   from ABC FULFILLMENT via www.hobbyking.com and the CHARGER from THUNDER

26   POWER via www.thunderpowerrc.com.

27       36.    At all relevant times, the ALLEMANDS used the BATTERY, the CHARGER,

28   and/or their component parts in their customary, normal and foreseeable manner.

6

Complaint for Property Damage

37.  The BATTERY, the CHARGER, and/or their component parts were defective at the time they left ABC FULFILLMENT's and THUNDER POWER's control in one or more of the following ways:

a.  The BATTERY, CHARGER, and/or their component parts were defective in their design in that they did not performed safely and in fact failed;

b.  The BATTERY, CHARGER, and/or their component parts contained manufacturing defects in that they differed from the manufacturers' design or specifications or from typical units of the same product lines;

c.  The BATTERY and the CHARGER failed to adequately warn consumers of possible hazards;

d.  The BATTERY, CHARGER, and/or their component parts were designed, manufactured, and/or assembled with materials insufficient for such use;

e.  The BATTERY, CHARGER, and/or their component parts were otherwise designed, manufactured, and distributed in such a way as to introduce into the stream of commerce and provide their intended users with an unreasonably dangerous and defective product.

38.  Defendants ABC FULFILLMENT, THUNDER POWER, DOES 1 through 25, and each of them, failed to provide safe products by failing to properly manufacture, style, assemble, install, construct, advertise, promote, import, sell, distribute, warn, recall, and/or take all other necessary reasonable precautions to prevent losses such as the FIRE.

39.  Said defects, failure to provide safe products, and/or take all other necessary precautions to prevent losses such as the FIRE were a substantial factor in causing the damages alleged herein.

WHEREFORE, Plaintiffs pray for judgment against all Defendants and each of them as set forth below:

1.  For monetary damages in an amount to be proven at trial, which may exceed 285,823.32;

2.  For prejudgment interest in accordance with California Civil Code § 3287;

7

Complaint for Property Damage

3.  For attorneys' fees and cost of suit; and

4.  For such other relief as the Court deems just and proper.

Dated this ___ day of January, 2015          GROTEFELD HOFFMANN

Maura Walsh Ochoa
Attorneys for Plaintiffs

8

Complaint for Property Damage

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit and most civil lawsuits are resolved without the necessity of a trial. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Kern County Superior Court encourages, and under certain circumstances may require, parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You may find more information about these ADR processes at http://www.courts.ca.gov/programs/adr.htm.

Possible Advantages and Disadvantages

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used as well as the particular type of case involved:

Possible Advantages: Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages: May add additional cost to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other protections may be limited or unavailable.

Most Common Types of ADR

Mediation: A neutral person, or "mediator," helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential, and may be particularly useful where on going relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences: A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation: The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process and the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties desire a neutral's opinion about how the case might be resolved at trial, if the primary dispute is about the amount of damages, or if there are technical issues the parties would like a neutral expert to resolve.

Arbitration: The parties present evidence and arguments to a neutral person, or "arbitrator," who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more

relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

<u>Selecting an ADR Program and Neutral</u>

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications and required fees of any neutral you are considering. Some programs and neutrals do not charge the parties for their ADR services, but others may charge the parties administrative fees and/or fees for the neutral's time. Information about the various neutrals listed on the court's ADR Panel is available at www.kern.courts.ca.gov/home/civil/civilmediatorpanel. To find a private ADR program or neutral, you may search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement or arbitration services.

<u>Local ADR Programs</u>

Kern County Superior Court has collaborated with the Kern County Bar Association, the Better Business Bureau and community representatives to establish alternative dispute resolution (ADR) programs which comply with legal requirements and provide a high quality of service to the public. The court currently sponsors programs such as arbitration and mediation in general civil cases (limited and unlimited) and may refer cases under $50,000 to mediation under local rules. Kern County Superior Court has also contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide mediation services in small claims, unlawful detainer, civil harassment and probate matters. The services of the BBB are also available to the public whether or not a lawsuit has been filed. Other programs, similar to those existing in other California counties, are being investigated for their feasibility in Kern County. One such program is the Victim Offender Reconciliation Program (VORP) in juvenile court proceedings. More information about BBB Mediation Services is available at www.bbbmediation.org , or call toll free 800-675-8118, ext. 300 or 661-616-5252.

Although complaints about ADR neutrals in court programs are uncommon, Kern County Superior Court provides a complaint procedure. If you have a complaint or a concern about a neutral in any of this court's ADR programs, or simply a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts Web Site at www.courtinfo.ca.gov/selfhelp/lowcost.

For questions, please contact: ADR Administrator at ADRAdministrator@kern.courts.ca.gov or (661) 868-4957.
Additional ADR information can be found at www.kern.courts.ca.gov.

C-ADR-100
(Rev. Jan. 24, 2012    ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET                    Page 2 of 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*NAME AND ADDRESS*):   TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (*NAME*) | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN | |
| STREET ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF: | |
| DEFENDANT: | |
| **ADR STIPULATION AND ORDER FORM** | CASE NUMBER: |

Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in this action will be submitted to the following alternative dispute resolution (ADR) process:

- ☐ Court-connected mediation pursuant to Local Rules (no fee or order required when filed within 10 days of Case Management Conference)
- ☐ Private Mediation
- ☐ Neutral Evaluation
- ☐ Binding Arbitration
- ☐ Referee/Special Master
- ☐ Settlement Conference with Private Neutral
- ☐ Non-binding Judicial Arbitration pursuant to CCP1141.10 et seq., and applicable Rules of Court
- ☐ Discovery will remain open until 30 days before trial
- ☐ Other _____

It is also stipulated that _____ (name of individual neutral, not organization) has consented to and will serve as _____ (neutral fuction/process) and that the session will take place on _____ (enter a FIRM date) and that all persons necessary to effect a settlement and having full authority to resolve the dispute will appear at such session.

Date: _____

On behalf of Plaintiffs

_____          _____
(Type or print name)                                              (Signature)

On behalf of Defendants

_____          _____
(Type or print name)                                              (Signature)
Attach additional signature pages if needed
KC-ADR-101 (Mandtry)
Page 1 of 2
(Rev 2/2012)

# ADR STIPULATION AND ORDER FORM

**ORDER:**

Case Number: _____

☐ The ADR process is to be completed by _____
(date)

☐ The Case Management Conference currently set for _____
(date)
20_____, at _____ a.m./p.m. in Department _____
☐ is hereby vacated
☐ is not hereby vacated

☐ Mediation Status Review

☐ Case Status Review
re: _____

☐ Final Case Management Conference
is set for _____, 20_____ at _____ a.m./p.m.
in Department _____

☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

It is so ordered.

_____          _____
Date                                            Judicial Officer of the Superior Court

KC-ADR-101 (Mandatory)
Page 2 of 2
(Rev 2/2012)

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ABC FULFILLMENT SERVICES, LLC f/k/a HOBBY KING USA LLC; ADVANCE
ENERGY, INC. d/b/a THUNDER POWER RC; and DOES 1 through 25, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STATE FARM GENERAL INSURANCE COMPANY; STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

FEB 02 2015

TERRY McNALLY, CLERK
_____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Kern County Superior Court
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso)*
S-1500-CV- 284017 DRL

1415 Truxtun Ave
Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Maura Walsh Ochoa, Grotefeld Hoffmann, 655 Montgomery Street, Suite 1220, San Francisco, CA 94111

| DATE:<br>*(Fecha)* | FEB 02 2015 | TERRY McNALLY<br>CLERK | Clerk, by<br>*(Secretario)* | S. JOSLIN | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Advance Energy, Inc.

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

Page 1 of 1



**SUPERIOR COURT OF CALIFORNIA**
METROPOLITAN DIVISION
1415 TRUXTUN AVENUE, BAKERSFIELD, CA 93301

FOR COURT USE ONLY

PLAINTIFF
STATE FARM GENERAL INSURANCE COMPANY
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

DEFENDANT
ABC FULFILLMENT SERVICES, LLC
ADVANCE ENERGY, INC. DBA THUNDER POWER RC

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

FEB 02 2015

TERRY McNALLY, CLERK
_____ DEPUTY
ENDORSED

CASE NUMBER: S-1500-CV-284017, DRL

NOTICE OF ORDER TO SHOW CAUSE
RE: CALIFORNIA RULES OF COURT, RULE 3.110

## TO PLAINTIFF AND PLAINTIFF'S COUNSEL:

YOU ARE ORDERED TO APPEAR ON May 19, 2015 AT 8:30 AM IN DEPARTMENT 11 OF THE ABOVE ENTITLED COURT TO GIVE ANY LEGAL REASON WHY SANCTIONS SHALL NOT BE IMPOSED FOR FAILURE TO SERVE THE COMPLAINT ON ALL NAMED DEFENDANTS AND FILE PROOF(S) OF SERVICE WITH THE COURT WITHIN SIXTY (60) DAYS AFTER THE FILING OF THE COMPLAINT PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.110. ALL APPEARANCES ARE MANDATORY, UNLESS FIVE (5) COURT DAYS PRIOR TO HEARING DATE THE COURT HAS RECEIVED THE REQUIRED PROOF(S) OF SERVICE, THEN NO APPEARANCE IS NECESSARY.

TERRY McNALLY
Clerk of the Superior Court

DATE: Monday, February 02, 2015

By _____S. JOSLIN_____ Deputy
STACIE D JOSLIN