Teresa Starinieri, Esq. (SBN 175690)
LAW OFFICES OF JAMIE SKEBBA
777 South Figueroa Street, Suite 1507
Los Angeles, CA 90017
Tel.: 213-689-3625
Fax.: 213-226-4019

Attorneys for Defendant, ADVANCE ENERGY, INC.
d/b/a THUNDER POWER RC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br>Plaintiffs,<br><br>vs.<br><br>ABC FULFILLMENT SERVICES, LLC f/k/a HOBBY KING USA LLC; ADVANCE ENERGY, INC. d/b/a THUNDER POWER RC; and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO.:  1:15-CV-00421-BAM<br><br>ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL |

Defendant ADVANCE ENERGY, INC., d/b/a THUNDER POWER RC answers the Complaint in this matter as follows:

### THE PARTIES

1. This answering defendant admits the allegations of paragraph 1 of this section of the Complaint.

2. This answering defendant lacks information and belief as to the allegations of paragraphs 2, 3, 4, and 6 of this section of the Complaint, and based upon such lack of information and belief denies such allegations.

3. Answering the allegations of paragraph 5 of this section of the Complaint, this answering defendant admits that it manufacturers and distributes lithium polymer battery chargers. This answering defendant otherwise denies said allegations.

4. Answering the allegations of paragraph 7 of this section of the Complaint, this answering defendant denies said allegations.

## GENERAL ALLEGATIONS

5. This answering defendant lacks information and belief as to the allegations of paragraphs 8-22 of this section of the Complaint, and based upon such lack of information and belief denies such allegations.

## FIRST CAUSE OF ACTION - (NEGLIGENCE)

6. Answering the allegations of paragraph 23 of this section of the Complaint, this answering defendant incorporates by reference its answers to paragraphs 1-22 of the complaint herein.

7. Answering the allegations of paragraphs 24-29 of this section of the Complaint, this answering defendant denies said allegations.

## SECOND CAUSE OF ACTION - (STRICT PRODUCTS LIABILITY)

8. Answering the allegations of paragraph 30 of this section of the Complaint, this answering defendant incorporates by reference its answers to paragraphs 1-29 of the complaint herein.

9. Answering the allegations of paragraphs 31-39 of this section of the Complaint, this answering defendant denies said allegations.

## AFFIRMATIVE DEFENSES

### AS A FIRST AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

10. Plaintiff and/or its insured were negligent, careless or otherwise at fault in and about the matters herein complained of, which said negligence or fault was the primary and sole cause of the subject incident, and the sole cause of the injuries and/or damages complained of by Plaintiff.

## AS A SECOND AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

11. At all times and places mentioned in Plaintiff's Complaint, Plaintiff and/or its insured were negligent, careless, or otherwise at fault in and about the matters set forth in said Complaint. If Plaintiff sustained any damages or injury, the same were proximately and legally caused and contributed to by the said negligence, carelessness, or otherwise wrongful conduct of Plaintiff, which bars Plaintiff's recovery herein to the extent of Plaintiff's fault.

## AS A THIRD AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

12. At all relevant times and places, Plaintiff was, or in the exercise of reasonable care, should have been aware of all the circumstances and conditions then and there existing and prevailing, but nonetheless, Plaintiff voluntarily and in full appreciation of the potential consequences thereof, exposed itself to whatever risks may have been attendant upon such circumstances and conditions. Plaintiff's recovery, if any, is therefore barred or must be diminished to an extent to be determined by the trier of fact.

## AS A FOURTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

13. That if said accident and/or injury was caused by negligence, the negligent acts or omissions were by others, including Plaintiff and Plaintiff's insured, and not by this answering Defendant.

## AS A FIFTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

14. The Complaint, and each and every cause of action therein, fails to allege facts sufficient to constitute valid causes of action against this answering Defendant.

## AS A SIXTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

15. Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statutes of limitations.

### AS A SEVENTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

16. Any acts or omissions of this answering Defendant were superseded by the acts or omissions of others, including Plaintiff, which were the sole proximate and legal causes of any injury, damage or loss to the Plaintiff, either as alleged or otherwise.

### AS AN EIGHTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

17. The acts and omissions of others, including Plaintiff, were intervening, independent, and proximate and legal causes of any injury, damage or loss to Plaintiff, either as alleged or otherwise.

### AS A NINTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

18. The Complaint, and each and every alleged cause of action set forth therein, is barred and/or recovery is reduced by reason of Plaintiff's failure to mitigate damages.

### AS A TENTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

*(Intervening/Supervening Conduct of Third Persons)*

19. The Complaint, and each and every alleged cause of action set forth therein, is barred and/or recovery is limited or excluded on the grounds that if Plaintiff suffered any injuries or damages, such injuries or damages were proximately caused by the intervening or supervening conduct, including but not limited to, negligent, reckless, or intentional acts or omissions, of persons and entities other than Defendant and over whom Defendant had no authority or control.

### AS AN ELEVENTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

*(Unforeseen Intervening Causes)*

20. The Complaint, and each and every alleged cause of action set forth therein, is barred and/or recovery is limited or excluded on the grounds that Plaintiff's alleged damages, if any, were the result of unforeseen intervening causes which could not have been prevented by the exercise of reasonable care or diligence.

### AS A TWELTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

21. All activities of this answering defendant conformed to and were pursuant to statutes, government regulations, and industry standards based upon the state of knowledge existing at the time alleged in the complaint, and thus plaintiff is barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22. If plaintiff and/or its insured sustained any injury or damage by any product complained of such product was accompanied by good and sufficient labeling when it left the custody, possession and control of each answering defendant which supplied conspicuous, reasonable and adequate warning and directions pertaining to any dangerous propensities, if any, of the product. Therefore any duty owed to plaintiff was thereby fulfilled by this answering defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. The injuries and damages alleged in plaintiff's complaint, if any, were the result of the mishandling of the referenced product by plaintiff and/or others, contra to specific and obvious instructions provided with, on or contained with said product.

### FIFTEENTH AFFIRMATIVE DEFENSE

24. The injuries and damages sustained by plaintiff, if any, were proximately caused by a change in condition of the product which occurred after the product left this answering defendant's possession and/or control, and/or by a defect that did not exist while the product was under defendant's possession and/or control.

### SIXTEENTH AFFIRMATIVE DEFENSE

25. The injuries and damages sustained by plaintiff, if any, were proximately caused by the modification, alteration, improper maintenance and/or misuse of product by persons over which this answering defendant exercised no control and had no legal duty to control and thus plaintiff is barred from any recovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

26. This answering Defendant alleges that Defendant presently has insufficient knowledge and information upon which to form a belief as to whether Defendant may have additional, as yet unstated, defenses. Accordingly, this answering Defendant reserves the right to assert additional defenses in the event discovery and/or investigation reveals a factual and/or legal basis for such affirmative defenses.

WHEREFORE, this answering Defendant prays for judgment that Plaintiff take nothing herein as against this answering Defendant, and that the latter may recover its costs, expenses and fees incurred, and to be incurred herein, together with such other relief as may be deemed appropriate by the Court.

DATED: June 2, 2015                LAW OFFICES OF JAMIE SKEBBA

                          By:      /S/ TERESA. M. STARINIERI
                                   Teresa Starinieri, Esq.
                                   Attorneys for Defendant, ADVANCE ENERGY,
                                   INC. d/b/a THUNDER POWER RC
                                   ADVANCE ENERGY, INC.

PROOF OF SERVICE
(1013A 2015.5 C.C.P.)

STATE OF CALIFORNIA      )
                         )ss. *State Farm v. ABC*
COUNTY OF LOS ANGELES    )

 I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is: 777 S. Figueroa St., Suite 1507, Los Angeles, CA 90017.

 On June 5, 2015, I served the foregoing document described as ANSWER TO COMPLAINT on the interested parties in said action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Maura Walsh Ochoa, Esq.<br>Waylon J. Pickett, Esq.<br>655 Montgomery Street, Suite 1220<br>San Francisco, CA 94111<br>Tel: 415-344-9670<br>Email: Mochoa@ghlaw-llp.com<br>Attorney for Plaintiff State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company | Peter W. Beckman, Esq.<br>Attorney at Law<br>1400 Chester Avenue, Suite I<br>Bakersfield, CA 93301<br>Tel: (661)327-7261<br>Email: beckmanlaw@att.net<br>Attorney for Defendant ABC Fulfillment Services, LLC |

[x] BY ELECTRONIC SERVICE: Based on a Court Order or an agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent to the person(s) at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] BY PERSONAL SERVICE: I caused to be delivered such envelope(s) by hand to the offices of the addressee(s).

[ ] STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 EXECUTED ON June 5, 2015 at Los Angeles, California.

_____<br>Ricardo Soto-Goitia

1  Teresa Strinieri, Esq. (SBN 175690)
   LAW OFFICES OF JAMIE SKEBBA
2  777 South Figueroa Street, Suite 1507
   Los Angeles, CA 90017
3  Tel.: 213-689-3625
4  Fax.: 213-226-4019

5  Attorneys for Defendant/Cross-Complainants, ADVANCE ENERGY, INC.
   d/b/a THUNDER POWER RC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>ABC FULFILLMENT SERVICES, LLC f/k/a HOBBY KING USA LLC; ADVANCE ENERGY, INC. d/b/a THUNDER POWER RC; and DOES 1 through 25, Inclusive,<br><br>Defendants.<br><br>ADVANCE ENERGY, INC. d/b/a THUNDER POWER RC,<br><br>Cross-Complainant,<br><br>vs.<br><br>CATHY ALLEMAND; CLARK ALLEMAND, and ZOES 1 through 25, Inclusive<br><br>Cross-Defendants. | CASE NO.: 1:15-CV-00421-BAM<br><br>DEFENDANT ADVANCE ENERGY INC, d/b/a THUNDER POWER RC'S CROSS-COMPLAINT; DEMAND FOR JURY |

1

Cross-Complaint

## INTRODUCTORY ALLEGATIONS

1. At all times mentioned herein ADVANCE ENERGY, INC. d/b/a (hereinafter referred to as "AEI" or "Cross-Complainant"), was and now is, doing business in the State of Nevada.

2. Cross-Defendant CATHY ALLEMAND is an individual residing in Kern County, California.

3. Cross-Defendant CLARK ALLEMAND is an individual residing in Kern County, California.

4. The true names and capacities of cross-defendants ZOES 1 through 25, inclusive, are unknown to AEI, who therefore sues said cross-defendants, and each of them, by such fictitious name. AEI will seek leave of court to amend this Cross-Complaint to insert the true names and capacities of fictitiously-named cross-defendants when the same has been ascertained. AEI is informed and believes and, based upon such information and belief alleges, that each cross-defendant herein designated as "ZOE" herein is legally responsible in some manner for the acts, occurrences, damages and liabilities hereinafter alleged, and actively and passively caused and contributed to the various injuries and damages refereed to herein.

5. AEI is informed and believes and on that basis alleges that the cross-defendants, and each of them and ZOES 1 through 25, inclusive, at all relevant times herein, were the agents, servants, employees, associates, partners, officers, joint venturers, shareholders and alter egos of each other and in doing the things hereinafter alleged were acting within the course and scope of such agency or other relationship and with the consent of their co-cross-defendants.

## FIRST CAUSE OF ACTION

(For Negligence)

(Against CATHY ALLEMAND and CLAK ALLEMAND and ZOES 1 through 25, inclusive)

6   AEI incorporates by reference paragraphs 1 through 5 above, as though fully set forth herein.

7. On information and belief, Cross-Defendants CLARK ALLEMAND and CATHY ALLEMAND and ZOES 1 through 25, inclusive, purchased a Turnigy brand, 5 cell, 4000mAh lithium polymer battery (the BATTERY").

8. On information and belief, Cross-Defendants CLARK ALLEMAND and CATHY ALLEMAND and ZOES 1 through 25, inclusive, purchased a lithium polymer battery charger (the CHARGER").

9. On information and belief, on or about September 14, 2012, Cross-Defendants CLARK ALLEMAND and CATHY ALLEMAND, and ZOES 1 through 25, inclusive, without regard to the safety of others and/or the personal property of others to include themselves as well as their personal property, carelessly, negligently, and recklessly operated, maintained, managed, entrusted and controlled the BATTERY and/or the CHARGER so as to legally and proximately cause a fire to ignite in the northeast corner of their garage located at 8912 Gleeson Court in Bakersfield, California. Cross-Defendants' careless, negligent and reckless actions included but were not limited to leaving the BATTERY unattended in the CHARGER while charging; placing the CHARGER while charging the BATTERY in close proximity with combustible fluids; placing the CHARGER while charging the BATTERY in close proximity with flammable materials. Cross-Defendants actions were done with full knowledge that such actions would likely endanger the safety of others and/or the personal property of others to include themselves as well as their personal property.

10. As a legal, direct and proximate result of the intentional, willful, reckless, and grossly negligent conduct of Cross-Defendants, and each of them, as aforesaid, they caused the BATTERY to overheat which resulted in the fire and the subsequent destruction of their personal property.

11. On information and belief, Cross-Defendants CLARK ALLEMAND and CATHY ALLEMAND, made a claim with their insurance carrier, State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company seeking indemnification and reimbursement for damages resulting from the fire in the amount of $285,823.32.

3
Cross-Complaint

12. On or about January 29, 2015, Plaintiffs, State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company filed a Complaint for damages against ABC FULFILLMENT SERVICES, LLC f/k/a HOBBY KING USA LLC; ADVANCE ENERGY, INC. d/b/a THUNDER POWER RC and DOES 1 through 25. Plaintiff's Complaint for property damage alleges that defendants and each of them negligently, designed, manufactured, inspected, tested, and failed to warn of associated risks of the BATTERY and the CHARGER. Plaintiffs further allege under a theory of strict products liability that the BATTERY and the CHARGER and/or their component parts were defective and that defendants and each of them, failed to provide safe products by failing to properly manufacture, style, assemble, install, construct, advertise, promote, import, sell distribute, warn, recall, and/or take all other necessary reasonable precautions to prevent losses such as the fire that occurred at the ALLEMANDS' residence on or about September 14, 2012.

13. As a direct and proximate result of the gross-negligence of cross-defendants, and each of them, as set forth above, AEI, has incurred, and continues to incur, costs and expenses including, but not limited to, litigation costs, attorneys' fees and consultants' fees to defend itself in this action.

## SECOND CAUSE OF ACTION

(For Equitable Indemnity)

(Against CATHY ALLEMAND and CLAK ALLEMAND and ZOES 1 through 25, inclusive)

14. AEI incorporates by reference paragraphs 1 through 13 above, as though fully set forth herein.

15. If, upon trial of this matter, it is found that Cross-Complainant was in some manner legally responsible for the injuries and damages claimed by Plaintiffs, if any, which supposition is not admitted but merely stated for the purpose of pleading this cause of action, then any such injuries or damages were caused solely by the primary and active acts of Cross-Defendants, and not by reason of any affirmative conduct on the part of Cross-Complainant. If Cross-Complainant is held liable for the damages claimed by Plaintiffs, or any portion thereof,

such liability will be based solely on the responsibility imposed by law on Cross-Complainant and not the actual fault on the part of the Cross-Complainant.

16. As a proximate result of the actions and the inaction of the Cross-Defendants as heretofore alleged, Cross-Complainant is entitled to indemnity for any and all attorneys' fees, Court costs, settlements, judgments, and any and all liability arising out of, or in any way in connection with defense of the main action.

## THIRD CAUSE OF ACTION

**(For Contribution as Against all Cross-Defendants)**

**(Against CATHY ALLEMAND and CLAK ALLEMAND and ZOES 1 through 25, inclusive)**

17. Cross-Complainant refers to, adopts and re-pleads paragraphs 1 through 16, inclusive, incorporates the same by this reference as though fully set forth herein at length.

18. This Cross-Complainant has denied any liability or responsibility whatsoever with respect to the alleged incident and the damages allegedly sustained by the Plaintiff in the subject occurrence; but, if it should be found this Cross-Complainant is in some manner responsible for the damages allegedly sustained by Plaintiff, then any such damages found to have been sustained by Plaintiff in this incident were proximately caused or contributed to by the acts or omissions of Cross-Defendants, and each of them, or is the subject of the contractual responsibilities of that Cross-Defendant. So that Cross-Complainant will not be required to pay more than it's pro rata share of any judgment, it is necessary that the proportionate degree of fault of each of the Cross-Defendants, whether because of their active negligence or contractual obligation, be determined and prorated. Cross-Complainant should be entitled to equitable contribution from the Cross-Defendants, and each of them, in an amount consistent with their proportionate degree of fault or contractual responsibility.

19. Cross-Complainant is informed and believes, and thereupon alleges, that if Cross-Complainant is held liable to any party herein by virtue of the allegations made by parties in this proceeding, or any part of the claims asserted against this Cross-Complainant, then Cross-Defendants, to the extent of their fault, as determined by the Court, are obligated to reimburse

1  Cross-Complainant and will be liable to the Cross-Complainant for any liability so assessed by
2  way of contribution. Accordingly, Cross-Complainant asserts herein its right to such
3  contribution, namely that Cross-Defendants and each of them, were and are obligated to provide
4  an equitable contribution to any judgment or settlement herein in direct proportion to the amount
5  of negligence or fault or contractual responsibility of each such Cross-Defendant.

6      20.    By reasons of the foregoing allegations, if this Cross-Complainant incurs
7  expenses in the defense of this lawsuit with regard to any judgment or any settlement, this Cross-
8  Complainant is entitled to judgment against Cross-Defendants, and each of them, for all sums
9  that it incurs by reason of said judgment, settlement expenses, investigations, including
10 attorneys' fees and Court costs in defending itself in the within action.

## FOURTH CAUSE OF ACTION

### (For Declaratory Relief)

### (Against CATHY ALLEMAND and CLAK ALLEMAND and ZOES 1 through 25, inclusive)

15     21.    Cross-Complainant refers to, adopts and re-pleads paragraphs 1 through 20,
16 inclusive, incorporates the same by this reference as though fully set forth herein at length.

17     22.    If, upon trial of this matter, Cross-Complainant is held legally responsible for the
18 injuries and damages alleged in Plaintiff's Complaint, Cross-Complainant will have been
19 damaged as a proximate result of the acts and omissions of Cross-Defendants as hereinbefore
20 alleged in an amount equal to the total sums awarded to the Plaintiff pursuant to judgment.

21     23.    If, upon trial of this matter, it is found that Cross-Complainant was in some
22 manner legally responsible for the injuries and damages alleged by Plaintiff, if any, which
23 supposition is not admitted, but merely stated for the purpose of pleading this cause of action,
24 then any such injuries or damages found to have been incurred by Plaintiff in this action were
25 directly and proximately caused or contributed to by the other Defendants and Cross-Defendants
26 in this case, whether served or not served and it is necessary that the proportionate degree of
27 negligence and/or fault of each of the other Defendants and Cross-Defendants be determined so
28 that Cross-Complainant will not be required to pay more than its proportionate share of the

judgment according to that degree of negligence and/or fault attributable to Cross-Complainant; and Cross-Complainant should be entitled to equitable partial and/or total indemnification from said Defendants and Cross-Defendants in an amount consistent with its degree and percentage of negligence and/or fault.

24. That an actual controversy has arisen and now exists between Cross-Complainant and Cross-Defendants regarding their respective rights, duties and obligations, and Cross-Complainant contends it is entitled to partial and/or total indemnification from the Cross-Defendants, who Cross-Complainant is informed and believes deny any such duty to indemnify.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them, as follows:

## ALL CAUSES OF ACTION

1. That Cross-Defendants, and each of them, indemnify Cross-Complainant as to any judgment recovered by the Plaintiff against this Cross-Complainant;

2. That Cross-Defendants, and each of them, contribute their pro rata share, according to their degree of fault or contractual responsibility, to any judgment or settlement recovered by the Plaintiff against this Cross-Complainant;

3. That the rights, duties and liabilities between Cross-Complainant and Cross-Defendants, and each of them, be fully determined and declared by this Court;

4. That Cross-Complainant recover their attorneys' fees, costs of suit, and expenses of litigation incurred herein; and,

5. That Cross-Complainant recovers such other and further relief as the Court may deem just and proper.

DATED: June 2, 2015                       LAW OFFICES OF JAMIE SKEBBA

                                    By:   /S/ TERESA. M. STARINIERI
                                          Teresa Starinieri, Esq.
                                          Attorneys for Defendants/Cross-Complainants,
                                          ADVANCE ENERGY, INC.
                                          d/b/a THUNDER POWER RC
                                          ADVANCE ENERGY, INC.

PROOF OF SERVICE
(1013A 2015.5 C.C.P.)

STATE OF CALIFORNIA    )
                       )ss. *State Farm v. ABC*
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is: 777 S. Figueroa St., Suite 1507, Los Angeles, CA 90017.

On June 5, 2015, I served the foregoing document described as **DEFENDANT ADVANCE ENERGY INC, d/b/a THUNDER POWER RC'S CROSS-COMPLAINT; DEMAND FOR JURY** on the interested parties in said action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Maura Walsh Ochoa, Esq.<br>Waylon J. Pickett, Esq.<br>655 Montgomery Street, Suite 1220<br>San Francisco, CA 94111<br>Tel: 415-344-9670<br>Email: Mochoa@ghlaw-llp.com<br>Attorney for Plaintiff State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company | Peter W. Beckman, Esq.<br>Attorney at Law<br>1400 Chester Avenue, Suite I<br>Bakersfield, CA 93301<br>Tel: (661)327-7261<br>Email: beckmanlaw@att.net<br>Attorney for Defendant ABC Fulfillment Services, LLC |

[x] BY ELECTRONIC SERVICE: Based on a Court Order or an agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent to the person(s) at the electronic notification addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[] BY PERSONAL SERVICE: I caused to be delivered such envelope(s) by hand to the offices of the addressee(s).

[] STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] FEDERAL - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED ON June 5, 2015 at Los Angeles, California.

_____
R. Soto-Goitia

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT of CALIFORN

| | |
|---|---|
| ADVANCE ENERGY, INC., d/b/a THUNDER POWER RC,<br><br>Cross-Complainant<br>v.<br>CATHY ALLEMAND; CLARK ALLEMAND, and ZOES 1 through 25, Inclusive<br><br>Cross-Defendant | Civil Action No. 1:15-CV-00421-BAM |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CATHY ALLEMAND; CLARK ALLEMAND, 8912 Gleeson Court, Bakersfield, California

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Teresa M. Starinieri, Esq.
Law Offices of Jamie Skebba
777 South Figuerora Street, Suite 1507
Los Angeles, CA 90017
Tel: 213-689-3625
Fax: 213-226-4019

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____                            _____
                                                 *Signature of Clerk or Deputy Clerk*

AO 440 (Rev 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:15-CV-00421-BAM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
                                                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*


                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc: