UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY; et al., | No. 1:15-cv-00421-KJM-JLT |
| Plaintiffs, | |
| v. | ORDER |
| ABC FULFILLMENT SERVICES, LLC, f/k/a HOBBY KING USA LLC, et al., | |
| Defendants. | |
| ADVANCE ENERGY INC., d/b/a THUNDER POWER RC, | |
| Cross-Complainant, | |
| v. | |
| CATHY ALLEMAND, et al., | |
| Cross-Defendants. | |

A fire ignited in Cathy and Clark Allemand's garage on January 1, 2012.  State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company (for convenience, "State Farm"), the Allemands' insurers, bring this subrogation action in the Allemands' stead, claiming a defective battery and charger caused the fire.  The defendants, ABC

1

1   Fulfillment Services, LLC and Advance Energy Inc., manufactured and distributed the battery

2   and charger.  Advance Energy in turn filed a third-party complaint[1] against the Allemands,

3   claiming the fire was actually the Allemands' fault.

4         The matter is before the court on two motions: (1) State Farm's motion to strike

5   Advance Energy's third-party claims against the Allemands, and (2) the Allemands' motion to

6   dismiss the same claims.  The court held a hearing on October 30, 2015.  Todd Harshman

7   appeared for State Farm, Geordon Goebel appeared for the Allemands, and Teresa Starinieri

8   appeared for Advance Energy.  For the following reasons, the counterclaim is DISMISSED with

9   prejudice and without leave to amend.

10  I.   SUBJECT MATTER JURISDICTION

11        The Allemands challenge this court's subject matter jurisdiction over the third-

12  party complaint.  A federal court cannot adjudicate the merits of any claim over which it lacks

13  subject matter jurisdiction.  *Ex parte McCardle*, 7 Wall. 506, 514 (1868).  Subject matter

14  jurisdiction may be challenged at any time, even initially on appellate review.  *Kontrick v. Ryan*,

15  540 U.S. 443, 455 (2004).  In a facial attack such as this one, jurisdiction may rest on allegations

16  alone.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

17        Advance Energy removed this case on the basis of the court's diversity jurisdiction

18  under 28 U.S.C. § 1332.  Not. Removal at 1, ECF No. 1.  Diversity jurisdiction requires complete

19  diversity.  *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).  The State Farm

20  plaintiffs are Illinois citizens.  Not. Removal ¶ 12.  Defendant Advance Energy is a citizen of

21  Nevada.  *Id.* ¶ 13.  Defendant ABC Fulfillment is a citizen of Pennsylvania.  *Id.* ¶ 14.  Defendant

22  Hobby King is either an alias of ABC Fulfillment, and thus a citizen of Pennsylvania, or a foreign

23  corporation with its principal place of business in Hong Kong.  *See id.* ¶ 15; Compl. ¶ 4, ECF

---

[1] Advance Energy named this pleading a "cross-complaint," but because Advance Energy's claims are asserted against the Allemands, who are third parties not previously joined to the case as plaintiff or defendant, in federal court Advance Energy's pleading is a "third-party complaint," Advance Energy a "third-party plaintiff," and the Allemands "third-party defendants."  *See* Fed. R. Civ. P. 14.  "Crossclaims," by contrast, are claims asserted "by one party against a coparty."  *See* Fed. R. Civ. P. 13(g).

No. 1-1. State Farm alleges damages of more than $285,000. Compl. at 7. These allegations suffice to establish the court's jurisdiction over the complaint.

The court must also have subject matter jurisdiction over Advance Energy's claims, which are brought under Federal Rule of Civil Procedure 14, which governs third party claims.[2] *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 66 n.1 (1996); 13D Charles A. Wright, et al., Federal Practice & Procedure § 3567.2 (3d ed.). Under 28 U.S.C. § 1367, the court may exercise supplemental jurisdiction over any claim made under Rule 14 if that claim is "part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). The court may therefore exercise supplemental jurisdiction over claims asserted by third-party plaintiff Advance Energy if those claims are part of the same case or controversy framed by the original complaint.[3] Advance Energy's third-party complaint arises from the same battery fire that forms the basis of State Farm's complaint, and is therefore part of the same case or controversy. *See* Answer & Cross-Complaint at 10, ECF No. 14.[4] The court may exercise supplemental jurisdiction over Advance Energy's claims.

II.     ALLEGATIONS AND PROCEDURAL HISTORY

State Farm alleges Clark and Cathy Allemand purchased a defective battery and charger from Advance Energy and ABC. Compl. ¶¶ 16–18. According to the complaint, the defect caused the battery to overheat while it was charging, igniting the Allemand's garage, destroying their two cars and other parts of their home, and causing them other damages. *Id.* ¶¶ 18–20. The Allemands owned insurance policies issued by State Farm, and State Farm made

---

[2] That rule provides, in relevant part, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

[3] In a diversity action, § 1367(b) withdraws supplemental jurisdiction over claims by a "plaintiff" that would circumvent the requirements of diversity. But this rule does not apply here because Advance Energy is a defendant acting as a third-party plaintiff. *See, e.g.*, *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 73 (1st Cir. 2013) (collecting authority); Wright, *supra*, § 3567.2 n.24.

[4] To avoid confusion, page ranges cited in this document are those printed at the top right by the CM/ECF system.

3

payments of more than $285,000 for damages related to the fire. *Id.* ¶ 21. The insurance policies include subrogation clauses, which allow State Farm to pursue the Allemands' rights on their behalf. *Id.* ¶¶ 2, 22.

State Farm originally filed this action in state court in January 2015. It alleges claims in negligence and strict products liability against both defendants and requests damages, prejudgment interest, and attorneys' fees. *Id.* at 4–8. As noted above, Advance Energy removed the case to federal court, in March 2015, ECF No 1, and filed a third-party complaint against the Allemands in June 2015, ECF No. 14. Advance Energy alleges the Allemands left the battery and charger unattended next to "combustible fluids" while charging in the garage. *Id.* at 10. It seeks relief under claims of negligence, equitable indemnity, and contribution, and seeks declaratory relief. *See generally id.*

On June 26, 2015, State Farm moved to strike the third-party complaint. ECF No. 21. It argues Advance Energy lacks any legal grounds for its claims, the third-party complaint is entirely redundant of Advance Energy's affirmative defenses against State Farm, and allowing those claims to proceed would be inequitable. *Id.* at 3–5. The Allemands also move to dismiss the third-party complaint on essentially the same grounds. *See* Mot. Dismiss 6–7, ECF No. 36. Advance Energy opposes both motions. *See* Opp'n Strike, ECF No. 25; Opp'n Dismiss, ECF No. 41. State Farm and the Allemands both replied. Reply Strike, ECF No. 26; Reply Dismiss, ECF Nos. 42.

III.   MOTION TO STRIKE

A court may strike any portion of a pleading that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). This rule is meant to avoid unnecessary expenditures of time and money over "spurious issues," not to support resolution of disputed issues of fact or law. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and quotation marks omitted). A motion under Rule 12(f) should not be granted "unless it is clear the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation and quotation marks omitted).

Motions to strike are not vehicles for testing the legal sufficiency of a complaint. *See, e.g.*, *Whittlestone*, 618 F.3d at 974 (citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977)); *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010). But because motions to strike under Rule 12(f) and motions to dismiss for failure to state a claim under Rule 12(b)(6) resemble one another as far as evidentiary standards and proof are concerned, district courts occasionally convert 12(f) motions to 12(b)(6) motions. *See, e.g.*, *Kelley*, 750 F. Supp. 2d at 146; *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020–21 (N.D. Cal. 2009); *see also Whittlestone*, 618 F.3d at 975 n.2 (evaluating the pleading alternatively under Rule 12(b)(6)).

Here, Rule 12(b)(6) is the better fit for State Farm's motion, which seeks dismissal of the third-party complaint on substantive legal grounds. Although State Farm's arguments concern the pleadings' redundancy, relevant authority suggests the type of redundancy Rule 12(f) targets is not legal redundancy, but literal redundancy. *See, e.g.*, *Whittlestone*, 618 F.3d at 974 ("[T]he claim for damages could not be redundant, as it does not appear anywhere else in the complaint."); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) ("Superfluous historical allegations are a proper subject of a motion to strike."). In addition, a district court's decision on a motion to dismiss under Rule 12(b)(6) is reviewed de novo, whereas a decision to strike under Rule 12(f) is reviewed for an abuse of discretion. *Whittlestone*, 618 F.3d at 973–74. For this reason, a motion to strike is not appropriate for questions of law such as those raised in State Farm's motion. *See id.* The court therefore converts the motion to one under Rule 12(b)(6) for failure to state a claim and considers it concurrently with the Allemands' motion under the same rule. At hearing, State Farm did not object.

IV. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court

assumes these factual allegations are true and draws reasonable inferences from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679. And aside from the complaint, district courts may consider affirmative defenses based on the complaint's allegations. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).

## V. DISCUSSION

When, as here, the court exercises supplemental jurisdiction, state substantive law provides the rule of decision for all state law claims. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). California law therefore governs these motions. Unfortunately, however, no California case is squarely on point, as the parties acknowledged at hearing: in no published decision has a California court barred a defendant to an insurer's subrogation claim from asserting affirmative claims against an absent insured. This court must therefore "apply the law as it believes the California Supreme Court would apply it." *Gravquick A/S v. Trimble Navigation Int'l, Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). For two reasons, this court concludes the California Supreme Court would not permit Advance Energy's third-party complaint to proceed.

### A. State Farm Stands in the Allemands' Shoes

First, as noted above, State Farm brings its complaint on the Allemands' behalf; the action is based in subrogation. "It is hard to imagine another set of legal terms with more soporific effect than indemnity, subrogation, contribution, co-obligation and joint tortfeasorship." *Herrick Corp. v. Canadian Ins. Co.*, 29 Cal. App. 4th 753, 756 (1994) (opinion of Sills, P.J.). "Subrogation is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim." *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1291 (1998). In practice, an insurer may often assume the position of its insured policyholder. *Id.* The insurer may then sue another on the policyholder's behalf, especially those the insurer claims are responsible for losses the policyholder sustained and the insurer paid. *Id.* at 1291–92. The insurer stands in the insured's shoes. *Travelers Cas.*, *Travelers Cas. & Sur. Co. v. Am. Equity Ins. Co.*, 93 Cal. App. 4th 1142,

1151 (2001). It has no greater rights than the insured and may assert the same defenses as the insured. *Id.*

Here, State Farm stands in the Allemands' shoes. It may assert claims against ABC and Advance Energy related to the payments it made under the Allemands' policies. Should the Allemands be found partially or wholly responsible for the fire, any recovery on their behalf in this action may be diminished, and State Farm would recover less on their behalf. In its opposition briefs, pleadings, and arguments at hearing, Advance Energy identifies no remedy it cannot pursue against State Farm alone. Its answer asserts defenses arising from the Allemands' alleged negligence, carelessness, failure to mitigate damages, mishandling of the product, and similar allegations. *See* Answer & Cross-Complaint at 2–6. Assuming the allegations of the third-party complaint are true, Advance Energy will escape this lawsuit without liability, regardless of its claims against the Allemands. It has cited no authority to show it would then also be barred from requesting an award of costs or fees. In sum, its third-party complaint is wholly duplicative of its answer to State Farm's complaint.

### B. Equitable Subrogation Against an Insured

"An insurer has no right of equitable subrogation against its own insured with respect to a loss or liability for which the insured is covered under the policy because, as between the insurer and the insured, the insurer assumes responsibility for the loss or liability." *Truck Ins. Exch. v. Cnty. of L.A.*, 95 Cal. App. 4th 13, 21 (2002). Otherwise the insurer could completely undermine the insurance policy. *Id.* Were Advance Energy to succeed in this case, the Allemands would in effect be forced to contribute to a judgment against State Farm. That is, State Farm would recover from Advance Energy, Advance Energy would recover from the Allemands, and State Farm would have effectively vindicated a subrogation right against the Allemands for claims covered by the policy, a result prohibited by California law. *See id.*

## VI. CONCLUSION

In these circumstances, the California Supreme Court would likely find that allowing Advance Energy's third-party complaint to proceed would be "inequitable." *See id.*

1  The third-party complaint is therefore DISMISSED with prejudice and without leave to amend.

2  This order resolves ECF Nos. 21 and 36.

3          IT IS SO ORDERED.

4  DATED:  January 12, 2016.

_____
UNITED STATES DISTRICT JUDGE